**ORANSKY, SCARAGGI & BORG, P.C.**
Andrew D. Borg, Esq. (9384)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07007-0866
(973) 364-1200

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL NO. 10 PENSION FUND; COMPOSITION ROOFERS LOCAL NO. 10 HEALTH FUND; COMPOSITION ROOFERS LOCAL NO. 10 VACATION FUND, COMPOSITION ROOFERS LOCAL NO 10. APPRENTICE TRAINING FUND, ROOFERS LOCAL NO. 10, and Nick Strauss as Trustee | Civil Action No.: |
| *Plaintiffs,* | **COMPLAINT** |
| v. | |
| PATWOOD CONTRACTING COMPANY | |
| *Defendant.* | |

Plaintiffs, by and through their attorneys Oransky, Scaraggi & Borg, P.C., as and for their Complaint respectfully allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1. This is a civil action brought, inter alia, pursuant to Section 502 (a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132 (a)(3), 1145 ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by Plaintiffs for breach of contract, injunctive relief, and for other equitable relief under ERISA. This Complaint alleges that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, defendant Patwood Contracting Company,

("Patwood") breached its collective bargaining agreement with the Union and violated the Funds' trust agreements, the Taft-Hartley Act and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:
   a. Section 502 (e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f);
   b. Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185;
   c. 28 U.S.C. § 1331 (federal question);
   d. 28 U.S.C. § 1337 (civil actions arising under any Act of Congress regulating commerce); and
   e. 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue properly lies in this district under ERISA Section 502 (e)(2), 29 U.S.C. § 1132 (e)(2), and the Taft-Hartley Act Section 301, 29 U.S.C. § 185 (c). Service of process may be made on Defendant in any district in which they may be found pursuant to ERISA Section 502 (e)(2), 29 U.S.C. § 132 (e)(2).

## PARTIES

4. Plaintiffs are the Composition Roofers Local No. 10 Pension Fund, the Composition Roofers Local No. 10 Health Fund, Composition Roofers Local No. 10 Vacation Fund and Composition Roofers Local No. 10 Apprentice Training Fund (the "Funds"), Roofers Local No. 10 (the "Union") and Nick Strauss, a Trustee of the Funds and the Business Manager of the Union.

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act Section 302 (c)(5) and (c)(6), 29 U.S.C. § 186 (c)(5), (c)(6). The Funds are employee benefit plans within the meaning of ERISA Sections 3(1), 3(2), 3(3) and 502 (d)(1), 29 U.S.C. §§ 1002 (1), (2), (3), and 1132 (d)(1), and multi-employer plans within the meaning of ERISA Sections 3 (37) and 210, 29 U.S.C. §§ 1002 (37) and 1060. The Funds are authorized to maintain suits as independent legal entities under ERISA Section 502 (d)(1), 29

U.S.C. § 1132 (d)(1). The Funds' purpose is to provide fringe benefits to eligible employees on whose behalf employers contribute pursuant to collective bargaining agreements between employers in the building and construction industry and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements, as collectors and trustees of employer contributions made pursuant to collective bargaining agreements between employers and the Union. The Funds maintain their offices and are administered at 321 Mason Avenue, Haledon, Passaic County, New Jersey.

6.      Nick Strauss is a Funds' Trustee and the Business Manager of the Union. He is a fiduciary within the meaning of ERISA Sections 3 (21) and 502, 29 U.S.C. §§ 1002 (21) and 1132, he brings this action in his fiduciary capacity.

7.      The "Union" is Roofers Local No. 10, a labor organization within the meaning of the Taft-Hartley Act Section 301, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined by the Taft-Hartley Act Section 501, 29 U.S.C. § 142, and ERISA Section 3 (4), 29 U.S.C. § 1002 (4). The Union maintains its offices and is administered at 321 Mason Avenue, Haledon, New Jersey.

8.      Upon information and belief, Patwood, at all times material hereto was and is a for-profit domestic company organized and operating in the State of New Jersey as an employer within the meaning of ERISA Sections 3 (5) and 515, 29 U.S.C. §§ 1002 (5) and 1145, and was, and is, an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act Section 301, 29 U.S.C. § 185. It is located at 3 Peckman Road, Little Falls, New Jersey.

9.      Patwood is signatory to a collective bargaining agreement ("CBA") with the Union.

10.     This CBA obligates Patwood to make contributions to the Funds on behalf of employees performing roofing work.

11.     The Union and the New Jersey Roofing Contractors Association (The "Association") have executed a series of collective bargaining agreements. Patwood is signatory to the aforesaid CBAs covering the following periods of time: June 1, 2009 – May 31, 2012 and June 1, 2012 – May 31, 2015.

12.     These collective bargaining agreements obligate Patwood to pay the required monetary contributions and submit the necessary supporting documentation for all work performed by Patwood's employees within the roofing trade within the territorial jurisdiction of the Union.

13.     Pursuant to Section 2.9 of the CBA an employer may not subcontract work to circumvent payment of fringe benefit contributions or for any other reason.

14.     By virtue of the CBA and the Trust Agreements of the Funds, Plaintiffs or their designated representative may conduct an audit of the payroll records of Patwood to determine if the proper contributions were being paid to the Funds.

### FIRST CLAIM FOR RELIEF

15.     The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     As a result of work performed by Patwood there became due and owing to Plaintiffs amounts determined by an audit of the books and payroll records of Patwood as and for the period January 1, 2010 to December 31, 2013.

17.     Patwood has not paid these amounts due and owing to the Plaintiffs and accordingly the Plaintiffs have been damaged in an amount set forth therein.

## SECOND CLAIM FOR RELIEF

18..    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19.    The Employer Retirement Income Security Act ("ERISA") Section 515, 29 U.S.C. § 1145, requires that employers pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

20.    Patwood failed to pay or timely pay and/ or submit the required monetary contributions and / or reports to the Funds, at all times material hereto. Such failure to make payment or timely payment and / or submit reports constitutes a violation of ERISA Section 515, 29 U.S.C. § 1145.

21.    ERISA Section 502 (g)(2), 29 U.S.C. § 1132, provides that upon a finding of an employer violation of ERISA Section 515, 29 U.S.C. § 145, the Court shall award to a fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

22.    Accordingly, Patwood is liable to the Funds for the payment and / or submission of amounts owed and all required reports, plus interest, attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

23.    Plaintiffs repeat each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24.    Section 10.5 of the CBA provides as follows:

5

"10.5 The Trustees of the fringe benefit funds shall maintain appropriate legal actions to collect any contributions due or for an accounting or any other appropriate relief. Should court action be required in order to collect monies owed the Funds or to examine his books or records, the employer will be responsible to pay all contributions due plus court costs, interest at the rate of 12 percent and liquidated damages for attorney's fees in the amount of 20 percent of the debt."

25. Accordingly, pursuant to the terms and provisions of the CBA, Plaintiffs demand an order directing Patwood to permit and cooperate with the Plaintiffs or their designated representative in the conduct of an audit of Patwood's books and payroll records for the period from January 1, 2014 to the present.

## FOURTH CLAIM FOR RELIEF

26.. Plaintiffs repeat each of the paragraphs set forth in numbers 1 through 25 as if set forth at length.

27. Section 10.5 of the CBA also permits Plaintiffs to collect interest at the rate of 12%, attorneys' fees of 20% and court costs.

28. Defendant has failed to remit contributions for the period January 1, 2010 to December 31, 2013. As a result, the Defendant has violated the CBA to which the Funds are third party beneficiaries.

29. Accordingly, pursuant to both the CBA and ERISA Section 502, 29 U.S.C. § 1132 (g)(2)(D), Patwood is liable to the Plaintiffs for interest, attorneys' fees and court costs.

## FIFTH CLAIM FOR RELIEF

30. Plaintiffs repeat each of the allegations set forth in paragraphs 1 through 29 as is set forth at length herein.

31. Pursuant to the terms and conditions of the CBA, Patwood is required to timely pay and / or submit fringe benefit contributions and / or reports to the Funds, and permit and cooperate in the conduct of audits of its' books and records for as long as Patwood remains obligated to do so pursuant to the CBA.

32. Patwood failed to timely pay and / or submit fringe benefit contributions to the Funds for the period January 1, 2010 through December 31, 2013, in breach of the CBA. Because Patwood has failed to make the required payments in the past, its prior conduct demonstrates a significant likelihood that Patwood will continue to breach the CBA.

33. Plaintiffs have no adequate remedy at law to ensure that Patwood will adhere to the terms of the CBA.

34. Plaintiffs will suffer immediate and irreparable injury unless Patwood, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and / or submit the required monetary contributions and / or reports to the Funds and permit and cooperate in the conduct of audits for so long as it remains obligated to do so pursuant to the CBA.

35. Accordingly, the Plaintiffs request this Court to issue an injunction permanently enjoining Patwood, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and / or submit the required contributions and / or

reports to the Funds and requiring them to permit and cooperate in the conduct of audits by the Funds for the term of the CBA.

Wherefore, Plaintiffs demand judgment against Patwood Contracting Company:

A. For an order requiring Patwood to permit and cooperate in the conduct of an audit of its books and records for the period from January 1, 2014 to the present;

B. For payment of all benefit fund contributions owed to the Funds or working dues owed to the Union, plus interest, in an amount previously determined to be due and owing pursuant to the previously prepared audit of Defendant's books and records;

C. For payment of all benefit fund contributions or working dues that may come to be owed by the Defendant during the pendency of this matter.

D. For an Order permanently enjoining Patwood, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise for so long as they remain obligated to contribute to Plaintiffs, from failing, refusing or neglecting to pay and / or submit the required monetary contributions and / or reports in accordance with the applicable CBA.

E. For accrued prejudgment interest on all contributions in accordance with ERISA §502 (g) (2), 29 U.S.C. § 1132 (g);

F. For all statutory damages on all contributions due, including 20% liquidated damages, reasonable attorneys' fees, costs and disbursements in accordance with ERISA § 502 (g) (2), 29 U.S.C. § 1132 (g);

G.      For contractual damages on all fringe benefit contributions due, reasonable attorneys' fees, and costs and disbursements in accordance with the CBA; and

H.      Such further relief as the Court deems to be just and equitable.

**ORANSKY, SCARAGGI & BORG, P.C.**
*Attorneys for Plaintiffs*

By: _____
ANDREW D. BORG, ESQ. (9384)

Dated: November 3, 2016